LOUIS BINDER, Appellant, *v.* MORRIS KESSLER, Respondent.

Second Department, February 10, 1922.

Partnership — agreement between plaintiff and defendant relating to joint adventure and receipt for money paid defendant by plaintiff for purpose of carrying out agreement held not sufficient to show partnership — new trial not necessary where amount of recovery undisputed and jury has found for plaintiff on facts.

In an action to recover $2,000 alleged to have been paid by the plaintiff to the defendant to be used for the joint enterprise of manufacturing paper boxes under the plaintiff's patent, wherein the answer made denial but did not allege the existence of a partnership, an agreement and a receipt were introduced in evidence which read as follows: "NEWARK, NEW JERSEY,
"*Oct.* 23, 1918.

"We the undersigned hereby agree to go into Mfg of a certain cigarette Box patented by Mr. Louis Binder, and we have decided to mfg the same box in 12 Forest St. B'klyn under the Management of Mr. Louis Binder. Our conditions are to have 2,000 worth of Paid up Shares for the only purpose to mfg of this Box. Mr. Binder does not assign any Patent rights to anybody but he desires to Build a automatic machine for the manufacturing of his Box and he warrantees all the Patent right of this machine should belong to Supreme Paper Box Co. "MORRIS KESSLER.
"L. BINDER."

"I hereby acknowledged receipt of $2,000.00 * * * for the purpose of going into manufacturing the Box referred in agreement. Should there any thing happen that it would be impossible to carry out our agreement I shall return the full amount on Demand! "MORRIS KESSLER."

The trial court set aside the findings of the jury in favor of the plaintiff as against the weight of the evidence and directed a judgment in favor of the defendant on the ground that, under the said agreement and receipt, the parties were partners and that the plaintiff's sole remedy was an action for an accounting.

*Held*, error; that the agreement and receipt did not, as a matter of law, constitute the parties partners and that upon all the evidence it is clear that no partnership was formed; and as the findings of fact by the jury in favor of plaintiff were warranted by the evidence, the judgment in favor of defendant and the order setting aside the findings of the jury should be reversed and judgment entered in favor of plaintiff.

A new trial is not necessary as the amount the plaintiff is entitled to recover is undisputed, and all disputed questions of fact have been decided by the jury in his favor.

APPEAL by the plaintiff, Louis Binder, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 12th day of June, 1920, upon the dismissal of the complaint at the close of plaintiff's case.

*Harold J. Baily*, for the appellant.

*R. L. Cherurg* [*George Cherurg* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff sues to recover the sum of $2,000, paid by the plaintiff to the defendant under the following circumstances: The plaintiff was the owner of a patent for the manufacture of a certain cigarette box. He also had an order for 1,000,000 of the cigarette boxes. The defendant was a manufacturer of paper boxes and was apparently desirous of engaging in the manufacture of these boxes under the plaintiff's patent. Plaintiff and defendant went to Newark, N. J., and there entered into an agreement, written out in longhand by the defendant, of which the following is a copy:

"NEWARK, NEW JERSEY,
"*Oct.* 23, 1918.

"We the undersigned hereby agree to go into Mfg of a certain cigarette Box patented by Mr. Louis Binder, and we have decided to mfg the same box in 12 Forest St. B'klyn under the Management of Mr. Louis Binder. Our conditions are to have 2,000 worth of Paid up Shares for the only purpose to mfg of this Box. Mr. Binder does not assign any Patent rights to any body but he desires to Build a automatic machine for the manufacturing of his Box and he warrantees all the Patent right of this machine should belong to Supreme Paper Box Co.

"MORRIS KESSLER.
"L. BINDER."

Then, according to the plaintiff, the defendant represented that he knew of a wrapping machine (a machine used in the manufacture of paper boxes) for sale by a party named Schmidt, in Rochester, N. Y., and that if defendant did not go to Rochester the following day the machine would be sold. The plaintiff then gave to the defendant a fifty-dollar Liberty bond, $350 cash and a check for $1,600. The defendant then wrote out and gave to the plaintiff the following receipt:

"I hereby acknowledge receipt of $2000.00.
350 cash
50 Liberty Bond
1600 check
for the purpose of going into manufacturing the Box referred in agreement. Should there any thing happen that it would be impossible to carry out our agreement I shall return the full amount on Demand!

"MORRIS KESSLER."

This money was not returned and the parties never engaged in the manufacture of paper boxes under plaintiff's patent. The complaint alleges that the money was to be used for the joint

enterprise of manufacturing paper boxes under plaintiff's patent. The defendant denies this, but does not allege a partnership.

Upon the trial, however, the defendant claimed that the parties are partners and that the money was spent by defendant for partnership purposes. After the evidence was all in the defendant moved for the direction of a verdict and the plaintiff asked to go to the jury upon the general issue and also certain specified questions of fact. The court did not submit the general issue or take a general verdict. It submitted only certain questions in writing and took the answers of the jury thereto. Neither party took an exception to this procedure. The questions submitted related to the use made by defendant of money advanced by plaintiff, and what, if anything, defendant had done in furtherance of a joint enterprise. The jury answered all the questions in accordance with the plaintiff's contention that none of the money had been expended to further the manufacture of boxes under plaintiff's patent, and defendant had done nothing with that end in view. The court thereafter set aside the answers as against the weight of the evidence and directed judgment in favor of defendant, dismissing the complaint, with costs, upon the ground that the plaintiff and defendant were partners and plaintiff's sole remedy was an action in equity for an accounting. Upon the trial the plaintiff asked to have submitted to the jury an additional question as to whether it was the intention of the parties to become partners. This the court refused. It is, therefore, clear that the court's conclusion that a partnership existed between the plaintiff and defendant was based entirely upon the two instruments quoted above. In my opinion those instruments do not bear that construction nor warrant that conclusion.

The first is an agreement to manufacture a cigarette box patented by Binder and the complaint speaks of it as a " joint enterprise," but that does not make it a partnership. There was no agreement to carry on the joint enterprise by means of a partnership. On the contrary, it clearly appears on the face of the agreement that the medium for carrying on the joint enterprise was a corporation. The agreement recites: " Our conditions are to have 2,000 worth of Paid up Shares for the only purpose to mfg of this Box," and " he [Binder] warrantees all the Patent right of this machine should belong to Supreme Paper Box Co." There is about this agreement absolutely none of the criteria by which a partnership is usually indicated, no agreement to share profits and losses, no express declaration of an intention to form that relation, no declaration of joint ownership of anything; but, on the contrary, an express declaration that an essential to the manufacture of this box " should

belong to Supreme Paper Box Co." If the defendant's contention is correct and a partnership was formed and plaintiff patented an automatic machine to manufacture this box, the letters patent would belong to the Supreme Paper Box Company, and according to this agreement the partnership would have no right to use for the purpose of its formation a machine created by plaintiff for that purpose. The receipt also indicates that there was no intention to form a partnership. The money was not a contribution to a partnership fund; no partnership is mentioned; no firm name given, and the money, if the agreement to manufacture was not carried out, was to be returned to the plaintiff. No arrangement is made for the payment of copartnership debts or anything said to indicate an idea that a partnership had been formed. The construction placed upon this agreement by both parties is significant. The defendant does not allege a partnership in his answer, and denies the allegation in the complaint that the money was advanced for the joint enterprise of manufacturing paper boxes.

The defendant never purchased anything, either stock or machines, nor did any act in the name of the firm. Everything that he purchased and which he claimed upon the trial was purchased under this agreement was purchased in the name of the Supreme Paper Box Company. The plaintiff had prepared and endeavored to have executed a formal agreement to carry out the agreement evidenced by the informal agreement which had been signed, and in that formal agreement the plaintiff clearly sets forth that the cigarette box is to be manufactured by the Supreme Paper Box Company and that plaintiff and defendant are to be equal stockholders therein. I am unable to arrive at any conclusion except that the manufacture of the cigarette boxes as a joint enterprise was to be carried on by means of a corporation and that a copartnership was not formed.

The findings of fact by the jury were warranted by the evidence. The plaintiff and his witness both testified to facts sufficient to warrant the findings made by the jury. It was for the jury to determine whether it would accept the testimony offered by the plaintiff or that given by the defendant and his witnesses. The documents referred to by the court are all equivocal in character. The defendant was engaged in the manufacture of paper boxes by means of the Supreme Paper Box Company, and everything he did was done in the name of that company, and it certainly was a question for the jury to determine whether he was engaged in furthering the business of that company or endeavoring to promote the manufacture of the box for which the plaintiff had a patent.

The defendant did not ask to go to the jury upon any question.

His attitude, therefore, necessarily was that if the questions of fact were decided in favor of the plaintiff, plaintiff was entitled to judgment for the amount claimed, and if in favor of the defendant, the defendant was entitled to a dismissal of the complaint. Under the circumstances there is no occasion for the submission of further questions of fact to a jury, and, therefore, no reason for a new trial. The situation provided for in the receipt has arisen; it has been impossible to carry out the agreement, and plaintiff is entitled to the return of his money. The amount the plaintiff is entitled to recover is undisputed. The construction of the instrument claimed to be a partnership agreement was for the court, and all disputed questions of fact have been decided by the jury in the plaintiff's favor.

The judgment should be reversed and the order setting aside the findings of the jury reversed, with costs, and judgment directed to be entered in favor of the plaintiff for $2,000, with interest from March 1, 1919, and with costs.

BLACKMAR, P. J., MANNING, KELBY and YOUNG, JJ., concur.

Judgment reversed and order setting aside the findings of the jury reversed, with costs; judgment unanimously directed to be entered in favor of the plaintiff for $2,000, with interest from March 1, 1919, and with costs.